UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR VENTURA,

               Plaintiff,

      v.

CACH, LLC and
KIRSCHENBAUM & PHILLIPS, P.C,

              Defendants.

Civil Action No.:

## VERIFIED COMPLAINT
(Jury Trial Demanded)

Plaintiff, Hector Ventura ("Plaintiff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendants, Kirschenbaum & Phillips, P.C., ("K&P") and CACH, LLC, ("CACH" and together with K&P "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §1692k.

2.     Venue in this Court is proper because (a) Defendants transact business in this venue, and (b) Defendants' debt collection activities to Plaintiff were conducted in this venue.

## NATURE OF THIS ACTION

3.     In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*. [hereinafter "FDCPA"]) and New York Judiciary Law § 487.

**THE FDCPA**

4.     The FDCPA regulates the behavior of debt collectors attempting to collect debts on behalf of others or on their own behalf in the name of another.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).  Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. §1692(b).  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(e).

5.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties.  The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6.     The FDCPA is a strict liability statute that provides for actual and statutory damages upon the showing of one violation.  The Second Circuit and other

federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988).  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d at 1318.

7.     The FDCPA is a remedial statute that is construed liberally in favor of the debtor.  *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

## PARTIES

8.     Plaintiff is a natural person residing in the Bronx, New York.

9.     Plaintiff is a consumer as that term is defined by §1692a(3) of the FDCPA, and according to Defendants, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. § 1692a(5).

10.     Upon information and belief, K&P, a law firm, is a New York professional corporation, with its principal place of business located at 40 Daniel St #7, Farmingdale, NY 11735.

11.     Upon information and belief, K&P is a debt collector, as defined by 15 U.S.C. §1692a(6) in that it uses the mail to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

12.     Upon information and belief, CACH is a Colorado limited liability company authorized to do business in the State of New York.

13.     Upon information and belief, CACH is a debt collector as defined pursuant to 15 U.S.C. §1692a(6) and uses the mail to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

## FACTS

14.     This action relates to Defendants' efforts to collect from Plaintiff an alleged consumer debt (the "Alleged Debt").

15.     The Alleged Debt arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes and thus a "debt" as defined by 15 U.S.C. §1692a(5).

16.     In or about 2008, Plaintiff was sued by CACH on the Alleged Debt in the Civil Court of the City of New York, Bronx County (the "Civil Court"), under the caption *CACH LLC vs. Hector Ventura*, Index No.: CV-000691-08/BX (the "Debt Collection Lawsuit").

17.     In the Debt Collection Lawsuit, it was alleged that CACH was assigned ownership of the Alleged Debt.

18.     The Debt Collection Lawsuit resulted in the entry of a default judgment in favor of CACH and against Plaintiff (the "Default Judgment").

19.     Plaintiff first became aware of the Debt Collection Lawsuit and the Default Judgment in or about January 2011 when he was notified by New York City Marshal Robert Moses that his wages would be garnisheed (the "Wage Garnishment").

20.     In or about February 2011, Plaintiff moved Civil Court by order to show cause the vacate the Default Judgment.

21.     On February 24, 2011, the Civil Court "*so ordered*" a stipulation settling the underlying debt (the "Stipulation of Settlement").

22.     Under the terms of the Stipulation of Settlement, Plaintiff agreed to make monthly payments until the agreed settlement was fully paid.

23.     Further under the terms of the Stipulation of Settlement, no interest was to accrue, and Plaintiff had no obligation to pay any interest.

24.     Plaintiff fully performed all obligations required of him under the Stipulation of Settlement.

25.     At the time the Debt Collection Lawsuit was filed, CACH was represented by non-party Daniels Norelli Scully & Cecere PC ("DNSC").  Apparently, upon information and belief, sometime after execution of the Stipulation of Settlement, at a time better known to Defendants, prosecution of the Debt Collection Lawsuit Debt was transferred by CACH from DNSC to K&P.

26.     On or about October 10, 2018, Plaintiff's employer was notified by New York City Marshal Robert Moses that the Wage Garnishment against him was being reinstated and that a balance of $7,094.74 remained due and owing on the Default Judgement.

27.     Upon discovery of the reinstated Wage Garnishment, Plaintiff contacted K&P and was told that the Default Judgment was considered unsatisfied due to the accrual of interest on the Stipulation of Settlement.

28.     Plaintiff hired counsel and on or about January 24, 2019 moved the Civil Court by order to show cause the vacate the Wage Garnishment and deem Default Judgment satisfied.

29.     Thereafter, Defendants withdrew the Wage Garnishment and filed a Satisfaction of Judgment with the Civil Court.

30.     Upon information and belief, the actions described herein are illustrative of a pattern and practice of Defendants taking, *en masse,* debt collection actions including the issuance of communications, judgment enforcement devices and court pleadings produced by non-lawyers, at the instruction of non-lawyers and without meaningful lawyer review or supervision and without the application of any independent attorney judgment.

31.     In the instant case, the lack of any meaningful attorney involvement resulted in Defendants' attempt to collect interest on the Stipulation of Settlement and garnishee Plaintiff's wages, despite the fact that the Default Judgment had been satisfied and the Stipulation of Settlement fully performed.

32.     Upon information and belief, Defendants did not undertake any reasonable due diligence or take any steps to ensure that they were not attempting to collect a judgment that had been previously satisfied.

33.     Upon information and belief, Defendants' debt collection abuses are part of the business plans developed by Defendants whose high volume consumer debt collection practices are more profitable by not conducting meaningful and effective review of consumer files because the overwhelming majority of consumer debt collection judgments are enforced against *pro se* judgment debtors who are, as a practical matter,

incapable of meaningfully challenging even the most inaccurate, false and deficient debt collection efforts.

34.     As a result of Defendants' unlawful conduct complained of herein, Plaintiff has sustained actual damages including, but not limited to, injury to reputation, invasion of privacy, out-of-pocket expenses, pain, suffering, anxiety and mental anguish.

**FIRST CAUSE OF ACTION**
**<u>VIOLATION OF THE FDCPA</u>**
(15 U.S.C. § 1692 *et. seq.* Against All Defendants)

35.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

36.     By attempting to collect interest on the Stipulation of Settlement and garnishee Plaintiff's wages after the Default Judgment had been satisfied and the Stipulation of Settlement fully performed, Defendants violated the FDCPA by, including but not limited to, the following ways:

(a)     15 U.S.C. §1692d - engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

(b)     15 U.S.C. §1692e(2) - making false representations of the character, amount, or legal status of the Alleged Debt;

(c)     15 U.S.C. §1692e(3) - disseminating a communication relating to the Alleged Debt without conducting a meaningful review of underlying legal file or consumer account;

(d)     15 U.S.C. §1692e(5) - threatening, or by extension taking, action that cannot legally be taken;

(e)     15 U.S.C. §1692e(10) - making false representations and using deceptive means to collect or attempt to collect the Alleged Debt;

(f)     Attempting to collect an amount not expressly authorized by the agreement creating the debt or otherwise permitted by law - 15 U.S.C. §1692f;

      (g)     15 U.S.C. §1692f - otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

37.     As a result and consequence of Defendants' repeated violations of the FDCPA alleged herein, Plaintiff has been injured and Plaintiff is thus entitled to an award of damages in accordance with the FDCPA including statutory damages, pain, suffering, anxiety, mental anguish and attorney's fees.

**SECOND CAUSE OF ACTION**
**<u>NEW YORK JUDICIARY LAW</u>**
(New York Judiciary Law § 487 against K&P)

38.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

39.     New York Judiciary Law § 487 creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "willfully receives any money or allowance for or on account of any money which he has not laid out or becomes answerable for."

40.     Upon information and belief, K&P is guilty of deceit.

41.     Upon information and belief, K&P perpetrated this deceit with intent to deceive the state court, and Plaintiff.

42.     Specifically, upon information and belief, K&P knowingly and falsely represented that it had authority to collect interest on the Stipulation of Settlement and to garnishee Plaintiff's wages after the Default Judgment had been satisfied and the Stipulation of Settlement fully performed.

43.     Before representing that Defendants were entitled to collect interest on the Stipulation of Settlement, K&P had a duty to meaningfully review the facts and make a

reasonable inquiry into the status of the Alleged Debt, the Debt Collection Lawsuit and the Default Judgment.

44.     As a result of these false representations, Plaintiff has suffered actual damages, including, without limitation, injury to reputation, invasion of privacy, out-of-pocket expenses, pain, suffering, anxiety and mental anguish.

45.     K&P's false representations are, as described above, upon information and belief, part of a larger, recurring policy and practice that is designed and has the effect of increasing K&P's profits by increasing the number of consumer accounts handled and lowering the cost of handling each account.

46.     Plaintiff is entitled to treble his damages as a result of K&P's violations of Judiciary Law§ 487, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff seeks judgment in his favor and damages against Defendants, based on the following requested relief:

On the First Cause of Action:

        (a)     Actual damages 15 U.S.C. § 1692k(a)(1);

        (b)     Statutory damages 15 U.S.C. § 1692k(a)(2);

        (c)     Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

        (d)     Such other and further relief as may be necessary, just and proper.

On the Second Cause of Action:

        (a)     Treble damages,

        (b)     Costs and reasonable attorney's fees.

        (c)     Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
        May 15, 2019

                                        **THE LAW OFFICES OF**
                                        **ROBERT J. NAHOUM, P.C.**
                                        *Attorneys for Plaintiff*

                                        By:_____
                                                **ROBERT J. NAHOUM**
                                        48 Burd Street, Suite 300
                                        Nyack, NY 10960
                                        (845) 450-2906
                                        rjn@nahoumlaw.com